OPINION
Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).
In December 1997, the Crawford County Grand Jury returned a two count indictment against appellant-defendant, Bobby J. Wicker. Count one of the indictment alleged appellant committed Rape, in violation of R.C. 2907.02, of his granddaughter who was less than thirteen years of age at the time of the alleged incident. Count two of the indictment alleged appellant committed Gross Sexual Imposition, in violation of R.C. 2907.05, of a second granddaughter who was also less than thirteen years of age at the time of the alleged offense. Appellant entered pleas of not guilty to both charges on January 20, 1998.
On December 9, 1998, appellant pled no contest, in a negotiated plea, to two counts of Attempted Gross Sexual Imposition. Following the completion of a Pre-Sentence Investigation, appellant was sentenced to eighteen months incarceration on each count, to be served concurrently, and fined $2,500.00 on each count.
Appellant now appeals from the judgment of the Court of Common Pleas of Crawford County imposing the definite prison sentence and fines. This appeal presents one assignment of error:
 The trial court erred when it failed to take into consideration the facts and circumstances required to be considered by a trial court in sentencing defendants as required by sections 2929.11, 2929.12 and 2929.13 of the Ohio Revised Code.
Essentially, appellant contends his sentence is contrary to law.
In this case, the court's appellate review is limited by the dictates of R.C. 2953.08. Section 2953.08 provides, in relevant part, the following:
 (A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted or pleads guilty may appeal as a matter of right the sentence imposed upon the defendant on one or more of the following grounds:
* * *
(4) The sentence is contrary to law.
* * *
 (G)(1) The court hearing an appeal of a sentence under division (A) * * * of this section may increase, reduce, or otherwise modify a sentence that is a appealed as being contrary to law or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
 (a) That the record does not support the sentence;
* * *
 (d) That the sentence is otherwise contrary to law.
In the recent case of State v. Martin (June 23, 1999), Crawford App. No. 3-98-31, unreported, we analyzed the Ohio felony sentencing statutes, the means of their fulfillment by the trial court, and the standard for appellate review in such sentences. There we held that it is the trial court's findings under R.C. 2929.03,2929.04, 2929.11, 2929.12, 2929.14 and 2929.19 that, in effect, determine a particular sentence and that a sentence unsupported by those findings is both incomplete and invalid. See also State v.Bonanno (June 23, 1999), Allen App. No. 1-98-59 and 1-98-60, unreported. We further held in Martin that the trial court must strictly comply with the relevant statutes by making such findings on the record at the sentencing hearing. That is, the trial court must clearly articulate its findings and, when required, state the particular reasons for doing so at the sentencing hearing. A mere recitation by the trial court that it has considered the matters required by the sentencing statutes will not suffice.
We also made clear in Martin that the mere presence of evidence in the record is not enough to comply with the sentencing statutes. In other words, although a record may support the requisite findings, a sentence is invalid unless the trial court specifically makes all required findings on the record at the sentencing hearing.
In this case, the transcript of the sentencing hearing indicates the trial court wholly failed to make the findings required by R.C. 2929.11, 2929.12, 2929.14 and 2929.19 at the sentencing hearing. To this end, the trial court, without the guidance provided in Martin, failed to articulate at the sentencing hearing its reasoning for imposing the prison terms based upon the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11. Additionally, the trial court failed to articulate at the sentencing hearing any factors listed in divisions (B)(1)(a) to (h) of section 2929.13 that it found to apply relative to the offender. Finally, the trial court failed to convey at the sentencing hearing its reasoning for imposing the maximum prison term for each of the offenses charged.
Accordingly, we hold that the sentence imposed is incomplete and thus invalid. The sentence imposed by the Court of Common Pleas of Crawford County will therefore be vacated and the cause remanded for a new sentencing hearing.
Judgment vacated and Cause remanded.
HADLEY and SHAW, JJ., concur.